IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROBERT KEAUPUNI LOW, JR., #A4024278, | ) ) | CIV. NO. 18-00283 JMS-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING AMENDED COMPLAINT AND ACTION |
| vs. | ) ) | |
| DAVID BARTOLOTTI, | ) ) | |
| Defendant. | ) ) ) | |

## **ORDER DISMISSING AMENDED COMPLAINT AND ACTION**

Before the court is pro se Plaintiff Robert Keaupuni Low, Jr.'s, first amended complaint ("FAC"). ECF No. 5. Low asserts that Defendant David Bartolotti, a Maui Community Correctional Center ("MCCC") officer, violated his constitutional rights when Bartolotti allegedly made derogatory comments to him over the MCCC loudspeaker in early 2016.

For the following reasons, the FAC is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b). Because Low has had two opportunities to set forth a colorable claim and has been unable to do so, and it is clear that further amendment is futile, this dismissal is with prejudice. The Clerk is directed to terminate this action.

# I. STATUTORY SCREENING

The court is required to conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   **Low's Claims**[1]

Low says that on February 29 and March 30, 2016, while he was a pretrial

---

[1] Low's facts are accepted as true for purposes of this Order. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

detainee at MCCC, ACO Bartolotti announced over the intercom, "Low swing, low, . . . in a derogatory degrading tone . . .it's time for your anal probe," to call Low to the medical unit.  FAC, ECF No. 5, PageID #34-35.   Low identifies openly as a homosexual and alleges that Bartolotti's comments discriminated against him on the basis of his sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment.[2]

Low says he suffered "anxiety attacks, paranoia, psychosis, nightmares, depression," after Bartolotti made these comments and is now heavily medicated and unable to maintain a prison job.[3]  *Id.*, PageId #35.  He seeks damages only.

**B.     Verbal Harrassment**

Allegations of verbal harassment standing alone fail to state a colorable constitutional claim under § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that prison guard's use of "vulgar language" toward a prisoner did not violate the Constitution); *see e.g.*, *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th

---

[2] Low originally alleged Bertolotti's comments violated the Eighth Amendment.  He has abandoned those claims and now alleges only a violation of the Equal Protection Clause.

[3] Low completed MCCC's grievance process in April 2016 and his claims were also reported under the Prison Rape Elimination Procedures Act ("PREA") for investigation.

Cir. 2004) (dismissing allegations of "mere verbal sexual harassment" under the Eighth Amendment); *Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir. 1997) (granting qualified immunity to guard who engaged in "vulgar same-sex trash talk" with inmates).

Rough language is to be expected in a prison and prison officials cannot police every rude, insensitive comment made by a guard to a prisoner or vice versa. To clarify, Bertolotti's first comment, "Low swing, low," does not objectively indicate that it was meant as a sexual slur based on Low's sexual orientation; rather, it seems to be a play on Low's name. Bertolotti's second comment, while vulgar and inappropriate, may or may not have been specifically intended to deride Low's sexual orientation. Based on the allegations in the FAC, however, it appears to have been a single, isolated comment that was taken seriously once reported and investigated by MCCC officials. Low does not allege that Bertolotti continued making such comments or otherwise harassed him.

Nor does Low allege that inmates Kainalii Tinaci and Alr. Schefield, who he says heard Bertolotti's remarks, began to taunt, tease, harass, or otherwise abuse him because of Bertolotti's comment. Rather, Low states that he identified as homosexual at MCCC and he suggests that this was not a secret. Thus, Bartolotti's comment did not reveal Low's sexual orientation to others and thereby

5

put Low at risk based on his sexual orientation. When Low reported Bartolotti's comments on March 1, 2016, MCCC officials immediately began an investigation, reported Low's accusation to a PREA investigative officer as required, and monitored Low to ensure that he suffered no retaliation for reporting the incident, and to follow his emotional health while he remained at MCCC. *See* Exs., ECF Nos. 5-1, 5-2.

Based on the allegations in the FAC, Low again fails to state a colorable claim under § 1983 based on Bartolotti's comments.

## C. Equal Protection

The Equal Protection Clause prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Clause embodies the principle that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1063 (9th Cir. 2014). Discrimination on the basis of sexual orientation violates the Equal Protection Clause. *United States v. Windsor*, 570 U.S. 744, 774 (2013). To state an equal protection claim under § 1983, Low must allege that Bartolotti "acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The

6

essence of the Equal Protection Clause is a requirement that similarly situated persons be treated alike. Sexual orientation classifications require the application of heightened scrutiny for purposes of equal protection analysis. *SmithKline Beecham Corp. v. Abbott Labs.*, 740 F.3d 471, 481, 484 (9th Cir. 2014) (citing *Windsor*).

Low alleges no facts suggesting that Bartolotti treated him differently than other similarly situated inmates, that is, that Bartolotti took action with the intent to discriminate against him in any manner. *See Ctr. for Bio Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Low does not allege that Bartolotti denied him anything to which he was entitled or that other inmates received, such as medical care, sufficient food, housing, educational programs, or recreation. *See, e.g.*, *Hubbard v. De Ochoa*, 2015 WL 1879983, at *6 (E.D. Cal. Apr. 23, 2015) (dismissing equal protection claim where inmate failed to allege facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated

inmates); *Clinton v. Geovenetti*, 2013 WL 5379487, at *5 (C.D. Cal. Sept. 20, 2013) (finding that inmate failed to state an equal protection claim based on his sexual orientation where "[t]he only alleged discrimination by Defendant is verbal abuse and derogatory remarks concerning homosexuals"); *Vega v. Artus*, 610 F. Supp. 2d 185, 209 (N.D.N.Y. Mar. 26, 2009) (finding that harassing comments based on perceived homosexuality were insufficient to state a claim of discrimination under the Equal Protection Clause). "Where there is no discrimination, there is no equal protection violation." *Tillman v. Lebanon Cty. Corr. Fac.*, 221 F.3d 410, 424 (3d Cir. 2000).

Low fails to state an equal protection claim against Bartolotti and thus the First Amended Complaint and this action are DISMISSED.

### III. <u>28 U.S.C. § 1915(g)</u>

This dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

8

28 U.S.C. § 1915(g).

## IV. CONCLUSION

(1) Low's verbal sexual harassment claims as asserted under the Equal Protection Clause of the Fourteenth Amendment are DISMISSED for failure to state a cognizable constitutional claim. Because it is clear that Low cannot state a colorable cause of action based on his claims against Defendant Bartolotti, this dismissal is with prejudice.

(2) The Clerk of Court is DIRECTED to terminate this action and close the file. Any pending motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Low v. Bartolotti, et al.*, No. 1:18 cv 00283 JMS KJM; Scrng '18 Low 18 283 jms (dsm 14A EP sex harass)