IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT KEAUPUNI LOW, JR., #A4025378,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BARTOLOTTI,<br><br>Defendant. | Civ. No. 18-00283 JMS-KJM<br><br>ORDER DENYING MOTION TO SEAL ENTIRE CIVIL CASE FILE |

## ORDER DENYING MOTION TO SEAL ENTIRE CIVIL CASE FILE

### I. INTRODUCTION

On June 9, 2021, the court received a letter from Defendant David Bartolotti ("Bartolotti"), which the court construes as a Motion to Seal Entire Civil Case File ("Motion"). ECF No. 8. For the reasons set forth below, the court DENIES Bartolotti's Motion.

### II. BACKGROUND

On July 23, 2018, Plaintiff Robert Keaupuni Low, Jr. filed a Prisoner Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983, alleging that Defendants, Adult Corrections Officer Bartolotti, Maui Community Correctional Center ("MCCC"), and unidentified MCCC "agents" violated the Eighth Amendment. ECF No. 1. On August 10, 2018, the court dismissed Low's

1

Complaint. ECF No. 4. More specifically, the court dismissed with prejudice the claims asserted against all Defendants named in their official capacities, as well as those claims asserted against MCCC, based on Eleventh Amendment immunity, *id*. at PageID ## 24-25, and Low's remaining claims were dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a-b), *id*. at PageID # 27. The court granted Low leave to amend his Complaint to cure the deficiencies in his Eighth Amendment claims, if possible. *Id*. at PageID ## 27-28.

On August 29, 2018, Low filed an Amended Complaint, ECF No. 5, which the court dismissed with prejudice on September 12, 2018, ECF No. 6. In dismissing Low's Amended Complaint, the court found that, again, he failed to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a-b). *Id*.

On June 9, 2021, the court received a letter from Bartolotti "request[ing] that the court remove [the instant] court case" from appearing as an internet search result relating to his name. ECF No. 8 at PageID ## 58-59. The court construes this request as a Motion to Seal Entire Civil Case File.

### III. STANDARD OF REVIEW

Courts have historically "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted); *see also Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) ("[The] qualified

right of access to judicial documents and records" "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny."). This right of public access, "whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Public Citizen*, 749 F.3d at 266 (quoting *Stone v. Univ. of Maryland Med. Syst. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)); *see Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("[T]he common law rights of access to the courts and judicial records are not taken lightly."). Thus, "'a strong presumption in favor of access' [to judicial records] is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

A party seeking to seal judicial records bears the burden of overcoming the strong presumption of access by providing "sufficiently compelling reasons" that override the public policies favoring disclosure. *Foltz*, 331 F.3d at 1135. When ordering records sealed, a district court must articulate a factual basis for its ruling. *Kamakana*, 447 F.3d at 1179; *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434-35 (9th Cir. 1995). "The mere fact that the production of records may lead to a litigant's embarrassment [or] incrimination . . . will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d

at 1179 (citing *Foltz*, 331 F.3d at 1136); *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) ("'Only the most compelling reasons can justify non-disclosure of judicial records.'" (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983))).

And although some circumstances merit the denial of public access to certain court documents or judicial records, those circumstances are limited—extremely limited in the instance of sealing an *entire* case file. *See, e.g.*, *Kamakana*, 447 F.3d at 1178; *Public Citizen*, 749 F.3d at 269 (holding that, under the First Amendment, a presumptive right to inspect civil docket sheets exists "[b]ecause access to docket sheets is integral to providing meaningful access to civil proceedings").

> Where the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." This heightened scrutiny is necessitated by the fact that entire civil cases otherwise open to the public are erased as if they never occurred.

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

Notably, the Judicial Conference of the United States has emphasized, by policy statement, the very limited circumstances in which an entire case record

4

should be sealed.  Judicial Conference Policy on Sealed Cases, *available at* https://www.uscourts.gov/sites/default/files/judicialconferencepolicyonsealedcivilcases2011.pdf.  Although the policy statement is not binding as a matter of law, the Judicial Conference encourages federal courts to seal entire civil cases *only* when "required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives such as sealing discrete documents or redacting information, so that sealing an entire case file is a last resort."  News Release, Administrative Office of the U.S. Courts, Conference Approves Standards & Procedures for Sealing Civil Cases (Sept. 13, 2011), *available at* https://www.uscourts.gov/news/2011/09/13/conference-approves-standards-procedures-sealing-civil-cases-0.

## IV. DISCUSSION

In his Motion, Bartolotti "request[s] that the court remove [the instant] court case" from appearing as an internet search result relating to his name.  ECF No. 8 at PageID # 58.  Bartolotti alleges that "anytime you search [his] name on [the internet, he is] affiliated with this case," which "has affected [his] personal and professional lives [and] has become a safety issue at times as well." *Id.* at PageID ## 58-59.  He further alleges that "[t]his case was brought to the court for the sole reason that Mr. Low was trying to tarnish [Bartolotti's] name by using the

internet," and that the impact extends to his cousin, also named David Bartolotti, whose business as a personal trainer suffers as well.  *Id*. at PageID # 59.

Bartolotti has not met his burden.  His conclusory allegations are simply not enough to overcome the "heightened scrutiny" required for a court to seal an entire civil case file.  *Chicago Tribune Co*., 263 F.3d at 1311.  That is, Bartolotti has failed to demonstrate any interest—whether under the First Amendment or the common law—compelling enough to overcome the presumptive right of public access to this civil action.  These allegations demonstrate neither that sealing this case protects a "compelling government interest," nor that sealing the entire case file is "narrowly tailored to that interest."  *Id*.

## V. CONCLUSION

For the foregoing reasons, the court DENIES Defendant David Bartolotti's Motion to Seal Entire Case File, ECF No. 8.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 25, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Low v. Bartolotti*, Civ. No. 18-283 JMS-KJM, Order Denying Motion to Seal Entire Civil Case File